Rhonda Lunsford, SBN #219239
P.O. Box 31
San Leandro, CA 94577
(510) 759-9529
rrlunsford@hotmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>   vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>        Defendant. | Case No.:<br><br>**MOTION TO PROCEED PSEUDONYMOUSLY WITHOUT PREJUDICE SUBJECT TO RECONSIDERATION WHEN DEFENDANT APPEARS AND REQUIRING DEFENDANT TO FILE OPPOSITION OR NON-OPPOSITION WITHIN 7 DAYS OF APPEARANCE AND MEMMORANDUM IN SUPPORT THEREOF** |

### MEMORANDUM IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY

#### Introduction

Plaintiff respectfully requests this Court's leave to proceed pseudonymously in place of his true and correct name in order to protect his privacy and safety, without prejudice and subject to reconsideration when Defendant appears, and requiring Defendant to file opposition or non-opposition within 7 days of appearance.

//

//

**Legal Standard**

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint include the name of all parties. Fed. R. Civ. P. 10(a). Further, Rule 17 provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1).

District courts have broad discretion in deciding whether a party may proceed anonymously. *Does I through XXIII vs. Advanced Textile Corp.*, 214 F.3d 1058, at 1068 (9th Cir. 2000). The presumption is that the parties will use their real names to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, the Ninth Circuit has held that a party proceed anonymously when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Advanced Textile Corp.*, 214 F.3d at 1068.

**Argument**

In this case, Plaintiff's privacy interests outweigh the public's interest in knowing his identity. The subject matter of the litigation at issue requires the disclosure of highly sensitive and personal health information and private details about Plaintiff's medical history, diagnoses and prognoses, medications, and treatment regimen, and may also include discussions, descriptions and pictures of intimate body parts. In addition, Plaintiff's health struggles have caused periods of emotional distress, depression, anxiety, and isolation that may be exacerbated if Plaintiff is required to publicly disclose his identity. Preserving anonymity is important to maintaining Plaintiff's mental wellness, and avoiding further emotional distress and the worsening of Plaintiff's overall condition.

Moreover, Plaintiff is currently receiving treatment at a facility and the disclosure of his identity places him at risk of retaliatory harm resulting from allegations made in the complaint. The severity of Plaintiff's physical disability has rendered him unable to defend against physical harm or acts of retribution, making Plaintiff particularly vulnerable.

Finally, Plaintiff is willing to disclose his identity to Defendant during the course of litigation. Therefore, proceeding under pseudonym does not harm or prejudice Defendant.

Respectfully Submitted,

DATED: December 29, 2024

/s/   Rhonda Lunsford
Rhonda Lunsford, Esq.
Attorney for Plaintiff