HASSARD BONNINGTON LLP
Corinna E. Meissner, Esq. (#178509) cem@hassard.com
Jonathan E. Chernoguz, Esq. (#359453) jec@hassard.com
111 Pine Street, Suite 1530
San Francisco, California 94111
Telephone: (415) 288-9800
Fax: (415) 288-9801

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>             Plaintiff,<br><br>     vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>             Defendant. | No. 3:24-cv-09469-VC<br>Hon. Vince Chhabria<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: December 29, 2024<br>FAC Filed:      January 23, 2025<br>Trial Date:      None Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, plaintiff John Doe ("plaintiff") and defendant The Regents of the University of California ("defendant" or "The Regents") hereby jointly submit this Case Management Statement.

**I.      JURISDICTION AND SERVICE**

The present action (First Amended Complaint) seeks relief for (1) Violation of the 14th Amendment; (2) Violation of the California Constitution Article 1, Section 7; (3) Unsafe and Unlawful Hospital Discharge; (4) Medical Negligence; (5) Violation of Medicare and Medicaid Act of 1965; (6) Unlawful Disability Discrimination pursuant to ACA Section 1557, ADA, Section 504 Rehabilitation Action of 1973, California Unruh Civil Rights Act, California Disabled Persons Act, and California

-1-

Code Section 11135; (7) False Imprisonment/Unlawful Detainment; and (8) Negligent Infliction of Emotional Distress. (Docket 026, FAC). This Court possesses federal question jurisdiction under 28 U.S.C. S 1331 because plaintiff brings suit for violations of The Due Process Clause of the 14th Amendment to the United States. This court possesses supplemental jurisdiction over the remaining causes of action under 28 U.S.C. S 1367 because each of those claims form part of the same case or controversy under Article lll of the United States Constitution. Defendant Royal Ambulance has not yet been served. Plaintiff plans to serve Royal Ambulance after amending the complaint.

## II.     FACTS

**Plaintiff's position**: Plaintiff disputes Defendant's version of the facts. Plaintiff alleges that Plaintiff, a disabled African American man, was admitted to the University of California San Francisco Medical Center (UCSFMC) on September 10, 2024, for necessary medical treatment. During his hospital stay, Defendant violated Plaintiff's rights through a series of unlawful actions that caused significant harm. Defendant, which operates multiple medical facilities and rehabilitation centers throughout California, failed to protect Plaintiff's rights, beginning with its mishandling of his insurance coverage. When Plaintiff's primary insurance denied coverage for his hospital stay, Defendant refused to submit claims to his secondary (Medicare) and tertiary (Medicaid) insurers, depriving Plaintiff of his property rights in those benefits.

Instead of collaborating with Plaintiff to develop a viable recovery plan addressing his complex care needs, rehabilitation goals, and mobility, Defendant attempted to unlawfully transfer Plaintiff to El Paso, Texas for short-term rehabilitation, even though the same care could have been provided in California. When Plaintiff rejected this unsafe relocation, Defendant violated his 14th Amendment due process rights by filing an expedited hospital discharge appeal on or

-2-

about December 27, 2024, without Plaintiff's consent. This appeal had no reasonable likelihood of success, and Defendant denied Plaintiff the opportunity to participate in the process by refusing to provide him with information submitted in support of the appeal, thus preventing him from presenting evidence or arguments to support his continued hospitalization.

Further, Defendant intentionally ensured that the violation could not be documented by failing to provide Plaintiff with a notetaker or discharge notes, which would have allowed him to document the discharge plan and his interactions regarding it. On multiple occasions, Defendant told Plaintiff he would not improve and lacked rehabilitation potential, further disregarding his medical needs and rights. In an additional act of unlawful conduct, on January 13, 2025, Defendant prematurely discharged Plaintiff into an unsupported and unsafe situation. Plaintiff was discharged with no one available to provide care at home, leaving him without the necessary support for his recovery. During the discharge process, Defendant unlawfully detained Plaintiff in a private ambulance for approximately five hours before "dumping" him at a county hospital, exposing him to further harm and compounding the violation of his rights. These actions not only disregarded Plaintiff's medical needs but also inflicted unnecessary distress and suffering.

**Defendant's Position:**

On September 10, 2024, plaintiff was admitted to UCSF Medical Center after spending time at a skilled nursing facility (SNF). (Docket 026, FAC at ¶¶ 7, 17.) Plaintiff presented to the UCSF Parnassus Campus after his dissatisfaction with the treatment for a skin infection he was receiving at the SNF. (Docket 026, FAC at ¶¶ 15, 17.) Plaintiff alleged he was battling scleroderma and was physically disabled and required assistance with walking and activities of daily living. (Docket 026, FAC at ¶ 4,

6.)

Coverage for plaintiff's stay at UCSF was initially denied by his primary insurance carrier (Blue Cross Blue Shield Federal Employee Program), then approved for five days from September 11, 2024 to September 15, 2024, and then denied from September 16, 2024 through discharge, on January 13, 2025, due to lack of medical necessity. (Docket 026, FAC ¶¶ 21, 63.) Plaintiff also maintained Medicare (secondary) and Medi-Cal (tertiary) insurance coverages based on disability and medical need. (Docket 026, FAC ¶ 22.)

At UCSF, plaintiff was evaluated by specialists in dermatology and rheumatology. (Docket 026, FAC ¶ 20.) The doctors prescribed plaintiff new medication and updated his wound care regimen. (Docket 026, FAC ¶ 20.) Plaintiff alleged UCSF never submitted a claim for health benefits to Medicare or Medi-Cal. (Docket 026, FAC ¶ 23.)

On November 25, 2024, UCSF Case Management offered to assist plaintiff and his representative to apply for the Medi-Cal Home and Community Based Alternatives (HCBA) waiver program that provides care management services for Californians with high-level care needs. (Docket 026, FAC ¶ 28.) Plaintiff and his representative advised that they did not require assistance with the application. (Docket 026, FAC ¶ 28.) Plaintiff and his representative declined discharge to any ARU facility, indicated no one in the home was available to meet plaintiff's needs and acuity, and refused assistance with application to the waiver program. (Docket 026, FAC ¶¶ 28, 35, 51.)

Plaintiff alleges he told UCSF Case Management and medical staff that the constant discussions about discharge and displacement caused physical and mental stress. (Docket 026, FAC ¶ 43.) Plaintiff alleges that on December 26, 2024, he was presented with a "Detailed Notice of Discharge" (CMS 10066-DND), as well as the "IMPORTANT MESSAGE FROM MEDICARE" form. (Docket 026, FAC ¶ 46.) During the meeting, plaintiff was asked if he would like the hospital to assist him with

the appeal and he declined. (Docket 026, FAC ¶ 46.) Plaintiff alleges UCSF filed the appeal. (Docket 026, FAC ¶ 48.)

On January 10, 2025, plaintiff was told that he was being discharged on January 13, 2025. (Docket 026, FAC ¶ 59.) Plaintiff advised that he felt discharge was unsafe and no one would be at his home. (Docket 026, FAC ¶ 59.) Plaintiff alleges his representative filed a "reconsideration" request on January 11, 2025 and it was denied. (Docket 026, FAC ¶ 60.)

On January 13, 2025, plaintiff was discharged from UCSF to his home. (Docket 026, FAC ¶ 63.) Upon arrival, no one was home; EMTs asked if there was a hidden key to the home; he told them there was not. (Docket 026, FAC ¶ ¶ 66, 67.) Plaintiff alleges the EMTs planned to call a locksmith and wait for a nurse, but plaintiff refused. (Docket 026, FAC ¶¶ 70, 71.) Plaintiff called 911 for help, notified an EMT that he did not feel safe, and began to feel kidnapped. (Docket 026, FAC ¶¶ 79, 80, 82.) Plaintiff remained in the parked ambulance with an EMT and was told he would be transported to Highland Hospital. (Docket 026, FAC ¶ 83.) Plaintiff called 911 a second and a third time. (Docket 026, FAC ¶¶ 84, 86.). Plaintiff alleges these incidents have caused him physical and emotional distress. (Docket 026, FAC ¶ 91.)

III.     LEGAL ISSUES

**Plaintiff's position**:  The primary legal disputes arising from Plaintiff's First Amended Complaint include:

1. Whether Defendant's conduct warrants a finding of violations of federal and/or state Constitutional Law and/or statutory law and/or regulation;
2. Whether Defendant's conduct warrants a finding of discrimination;
3. Whether Defendant's conduct warrants a finding of medical negligence;
4. Whether Defendant's conduct warrants a finding of negligent infliction of emotional distress;

5. Whether Defendant's conduct warrants a finding of false imprisonment/unlawful detainment;

6. Whether Defendant's policies and procedures are violative as it relates to billing secondary and tertiary public insurance coverages;

7. Whether Defendant's conduct warrants economic and non-economic damages;

8. Whether Defendant's conduct warrants punitive damages;

9. Whether Plaintiff is entitled to attorneys' fees, costs of suit, prejudgment interest.

**Defendants' Position:** The recent March 13, 2025 hearing on defendant's Motion to Dismiss is still awaiting the Honorable Judge Vince Chhabria's order. Defendant expects that plaintiff will be provided leave to amend/combine some of his claims including (1) Violation of the 14th Amendment; (6) Unlawful Disability Discrimination pursuant to ACA Section 1557, ADA, Section 504 Rehabilitation Action of 1973, California Unruh Civil Rights Act, California Disabled Persons Act, and California Code Section 11135; (Docket 026, FAC). As of the date of this joint statement, the parties await the court's order. Plaintiff has not yet filed a Second Amended Complaint. Defendant anticipates plaintiff will file a Second Amended Complaint once the Court issues its Order related to the March 13, 2025 hearing on defendant's Motion to Dismiss. At this point, it is difficult to anticipate what issues will need to be addressed with respect to the Second Amended Complaint because it is not clear if plaintiff intends to continue to pursue his due process and disability claims. The legal issues will be more clear upon receipt of the Second Amended Complaint.

### IV.     MOTIONS

**Plaintiff's position:** Plaintiff previously filed an Administrative Motion to File Under Seal and to Proceed Under Pseudonym, which was granted (Dkt. No. 34).

Plaintiff reserves the right to file ordinary motions allowed under the Federal Rules of Civil Procedure, as the need arises throughout the litigation.

**Defendant's position:** At present, defendant does not know if it will need to file an additional motion to dismiss. Defendant does anticipate filing a motion for summary judgment/summary adjudication after conducting some discovery.

## V.     AMENDMENT OF PLEADINGS

**Plaintiff's position:** Plaintiff seeks leave to amend to amend current causes of action, allege additional causes of action, and to add necessary defendants. Plaintiff reserves the right to file ordinary motions allowed under the Federal Rules of Civil Procedure, as the need arises throughout the litigation.

**Defendant's position:** At present, defendant has not answered plaintiff's complaint and awaits the Second Amended Complaint.

## VI.    EVIDENCE PRESERVATION

**Plaintiff's Position:** Plaintiff requests a litigation hold to preserve all potentially relevant evidence and electronically stored information (ESI), including all evidence and ESI currently under Defendant's possession, custody, and control, including but not limited to, Defendant's employees, contractors, affiliates, and third parties.

**Defendant's position:**

The parties have been and will continue to meet and confer regarding appropriate evidence preservation and acknowledge their responsibilities to preserve potentially relevant evidence, including electronic information.  The parties will continue to meet and confer as reasonably necessary and with appropriate reference to the Northern District of California's ESI Guidelines as discovery progresses.

## VII.   DISCLOSURES

**Plaintiff's position:** Initial disclosures have yet to occur in this matter. Plaintiff intends to comply with Federal Rule of Civil Procedure 26(a) by serving initial disclosures on Defendants. Plaintiff reserves the right to amend disclosures as

additional information becomes available in discovery.

**Defendant proposes**: The parties to serve their Initial Disclosures on or before April 10, 2025.

## VIII.   DISCOVERY

**Plaintiff's Position**: Plaintiff intends to conduct fact discovery on the following issues, *inter alia:* (1) Defendant's violations of Plaintiff's rights and protections under the Constitution and/or statutory law and/or regulatory law; (2) Defendant's discrimination in the provision of Plaintiff's health services; and (3) Defendant's medical negligence; (4) Defendant's negligent infliction of emotional distress; and (5) Defendant's false imprisonment and unlawful detainment of Plaintiff.  Plaintiff intends to conduct written discovery, subpoena records, and take depositions. Given the complexities of this litigation, Plaintiff may need to exceed the number of interrogatories set forth in Fed. R. Civ. P. 33(a)(1).  Plaintiff may also need to exceed the number of depositions set forth in Fed. R. Civ. P. 32(a)(2)(A)(i). Plaintiff will seek a stipulation from Defendant, and if necessary, move for leave should the need arise.

Plaintiff intends to proceed with discovery as ordered by the court. Plaintiff also awaits an order from the court as to Plaintiff's remaining claims, and as to Plaintiff's request to amend pleadings.

**Defendant's Position**: Defendant proposes the following: Expert Disclosures (including expert reports): June 12, 2026; Fact Discovery Cut Off: July 10, 2026; and Expert Discovery Cut Off: August 10, 2026. Defendant intends serve written discovery and notice plaintiff's deposition before the next Case Management Conference.

## IX.   CLASS ACTIONS

Not applicable.

## X.   RELATED CASES

John Doe v. Personnel Management, Office of

U.S. District Court California Northern District (San Francisco)

CASE #: 3:24-cv-02371-RFL. Plaintiff may seek joinder and/or

consolidation based on recent findings.

## XI. RELIEF

**Plaintiff's position:** Plaintiff seeks economic damages, non-economic damages for pain, suffering, loss of enjoyment of life, punitive damages, attorneys' fees and costs of suit as provided by law, prejudgment interest as provided by law. Plaintiff also seeks a ruling from this Court that when Plaintiff's primary insurance coverage is denied, Defendant will immediately submit claims for treatment to Plaintiff's secondary and tertiary insurance coverages. Plaintiff reserve the right to amend the prayer for relief and set forth additional damages as additional information becomes available during discovery.

**Defendant's position:**

Defendant disputes all claims for damages and requests judgments of dismissal and recovery of all applicable costs.

## XII. SETTLEMENT AND ADR

The parties agreed to an early settlement conference with Magistrate Judge Donna M. Ryu. A Settlement Planning Call occurred on March 25, 2025 at 9:30 a.m. and a further Settlement Planning Call has been scheduled for June 6, 2025.

## XIII. OTHER REFERENCES

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

**Plaintiff's position:** Plaintiff may propose entering into stipulations regarding the authenticity of medical records.

**Defendant's position:**

The parties will explore narrowing of issues as discovery continues. Narrowing of issues may also be impacted by the causes of action plaintiff continues to pursue upon filing his Second Amended Complaint.

## XV. CONSENT TO HAVE MAGISTRATE HEAR THE CASE

Defendant does not consent to have a magistrate hear the case. Defendant however has consented to an early settlement conference with Magistrate Judge Donna M. Ryu.

## XVI. EXPEDITED TRIAL PROCEDURE

**Plaintiff's position**: Plaintiff does not wish to proceed under the Expedited Trial Procedure at this time.

**Defendant's position**: The defendants do not believe this is the type of case that should be handled under the Expedited Trial Procedure.

## XVII. SCHEDULING

**Plaintiff's position:** Plaintiff submits that it is too early to set a case schedule in light of the forthcoming order on Plaintiff's claims and Plaintiff's request to amend pleadings.

**Defendant's position:**

  i. Settlement Planning Call: March 25, 2025 (Set by court's order)
  ii. MSJ Filing Deadline: April 20, 2026
  iii. MSJ Hearing Cutoff: June 1, 2026
  iv. Expert Disclosures: June 12, 2026
  v. Fact Discovery Cutoff: July 10, 2026
  vi. Expert Discovery Cutoff: August 10, 2026
  vii. Trial: September 10, 2026

## XVIII. TRIAL

**Plaintiff's position:** Plaintiff has made a demand for a jury trial, however submits that it is too early to estimate the length of a trial in light of the forthcoming order and Plaintiff's request to amend pleadings.

**Defendant's position:**

Jury trial lasting 7-9 days.

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None applicable.

XX. **PROFESSIONAL CONDUCT**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

XXI. **OTHER MATTERS**

**Plaintiff's position:** Plaintiff is in the process of reviewing the claims of his related case and recent findings to determine whether joinder and/or consolidation is proper at this time.

**Defendant's position:**

None applicable.

Dated: March 24, 2025

By: /s/ Rhonda Lunsford
Rhonda Lunsford
Attorney for Plaintiff
JOHN DOE

Dated: March 27, 2025      HASSARD BONNINGTON LLP

By: _____
Corinna E. Meissner
Jonathan E. Chernoguz
Attorneys for Defendant
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA