UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No. 24-cv-09469-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

  The motion to dismiss is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

  1. The due process claims under the federal and California constitutions are dismissed with leave to amend. The complaint adequately alleges a property interest in public health benefits. *See Barrows v. Becerra*, 24 F.4th 116, 133 (2d Cir. 2022). But it doesn't clearly explain how the hospital effected a deprivation of that property interest, or what process Doe was due but didn't receive. For instance, Doe argues in his opposition that the hospital violated his due process rights by failing to submit his claims for coverage to Medicare and Medicaid. The complaint, however, doesn't appear to identify that as a basis for the due process claims. As another example, Doe alleges that the hospital violated his due process rights by filing an inadequate Medicare appeal without his permission and contrary to his instructions. But he also says that he requested reconsideration of the denial of that appeal, and he doesn't explain whether or how the initial appeal affected this reconsideration request (or his ability to pursue

other administrative remedies). Doe will have leave to amend to clarify these claims.[1]

2. The claim for unsafe and unlawful hospital discharge in violation of certain provisions of the California Health and Safety Code is dismissed without leave to amend. None of the provisions that Doe identifies have language indicating that they were intended to create a private cause of action. Nor does Doe point to any legislative history showing such an intent. *See Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596–97 (2010).

3. The fifth claim, for violations of the Medicare and Medicaid Act, is dismissed with leave to amend for Doe to replead it under § 1983 (and to clarify what rights enforceable under § 1983 he alleges the hospital violated).

4. The claim for disability discrimination is also dismissed with leave to amend. The complaint doesn't include much detail about Doe's disability and how it restricts him from taking notes. So Doe might not have made specific enough allegations to state a claim for disability discrimination. But it's unnecessary to decide that at this point because this claim fails for the separate reason that Doe purports to bring it under six different statutes. *See Doe v. Office of Personnel Management*, No. 24-cv-2371, slip op. at 12 (N.D. Cal. Dec. 19, 2024) (discrimination claims under different statutes should each "be stated as a separate claim"). Accordingly, the claim is dismissed with leave to amend to separate it into distinct claims and to add more specific factual allegations in support.

5. The motion is denied as to the false imprisonment claim. The complaint plausibly alleges that Doe was intentionally restrained without his consent—especially in light of its allegations that Doe has flexion contractures and cannot walk without assistance. UCSF's assertion that Doe's restraint was lawful may ultimately be correct. But it isn't clear from the complaint that he was being "transported" within the meaning of California Code of Regulations

---

[1] Separately, to the extent that these claims ultimately challenge "the denial of Medicare benefits," the Court would likely lack jurisdiction to hear them until Doe exhausts his administrative remedies. *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141–43 (9th Cir. 2010); *Binnell v. St. Joseph Hospital Orange*, 2021 WL 4945189, at *3–7 (C.D. Cal. Mar. 5, 2021). But this issue is better addressed once the theory underlying these claims is clearer.

title 22, § 51231.1(f)(1), during the five hours he was strapped in the gurney. So dismissal on this basis isn't appropriate at this stage in the case.

* * *

Any amended complaint is due within 21 days of this order. A response is due 21 days after that. As noted at the hearing, discovery on the surviving claims can proceed immediately.

**IT IS SO ORDERED.**

Dated: April 10, 2025

_____
VINCE CHHABRIA
United States District Judge