Rhonda Lunsford, SBN 219239
P.O. Box 31
San Leandro, CA 94577
Telephone:(510) 759-9529
rrlunsford@hotmail.com

Attorney For Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE<br><br>    Plaintiff,<br><br>  vs.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT and DOES 1-20, inclusive.<br><br>    Defendants. | Case No.: 24-CV-02371-RFL<br>         24-CV-09469-RFL<br>         25-CV-02930-RFL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINDER AND LEAVE TO AMEND** |
| JOHN DOE<br><br>    Plaintiff,<br><br>  vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND ROYAL AMBULANCE<br><br>    Defendants. | **DATE:** June 17, 2025<br>**TIME:** 10:00 A.M.<br>**DEPT:** Courtroom 15<br><br>**Hon. Rita F. Lin** |
| JOHN DOE<br><br>    Plaintiff,<br><br>  vs.<br><br>OFFICE OF PERSONNEL MANAGEMENT, and BLUE CROSS BLUE SHIELD ASSOCIATION, UNIVERSITY OF CALIFORNIA SAN FRANCISCO MEDICAL CENTER, SUTTER EDEN MEDICAL CENTER, ALAMEDA HEALTH SYSTEM, DR. YOUSSEF E. YOUSSEF, VERONICA PERAZA, HYUNJI AHN, SARA DULL and DOES 1-10, inclusive | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff John Doe seeks to **join three related federal cases** pending before this Court into a single action. All three cases arise from a common nucleus of facts concerning Plaintiff's medical treatment and related disputes over health benefits coverage, and they share many of the same legal issues. In two of the cases (Case Nos. 24-cv-02371 and 24-cv-09469), the Court (in orders by two judges) has **partially granted motions to dismiss** but allowed certain claims to proceed and **permitted Plaintiff to amend** other claims. The third case (Case No. 25-cv-02930) was deemed related to the first two under Civil Local Rule 3-12, reflecting the Court's determination that the actions concern substantially the same parties or events and that coordinating them would avoid duplication. Given these overlaps, consolidating or joining the cases will **promote efficiency and consistency** without prejudicing any Defendant. Plaintiff therefore respectfully requests that the Court order the cases joined (consolidated) for all purposes, and permit Plaintiff to proceed with a single consolidated pleading and action.

### II. BACKGROUND

**Procedural History of the Three Related Actions:** Plaintiff John Doe initially filed **Case No. 24-cv-02371-RFL, Doe v. U.S. Office of Personnel Management ("OPM")**, alleging that OPM wrongfully denied him essential health benefits and engaged in related unlawful conduct. Plaintiff later filed **Case No. 24-cv-09469-VC, Doe v. The Regents of the University of California and Royal Ambulance**, concerning events at a hospital (UCSF Medical Center, operated by the Regents) and an ambulance transport, including claims of improper discharge, disability discrimination, and false imprisonment. Most recently, Plaintiff filed **Case No. 25-cv-02930-RFL, Doe v. OPM, Blue Cross Blue Shield Association, UCSF**

**Medical Center, Sutter Eden Medical Center, Alameda Health System, Dr. Youssef, Veronica Peraza, Hyunji Ahn, Sara Dull, et al.**, to encompass additional defendants (such as Blue Cross Blue Shield and other healthcare providers and individuals) involved in the same series of incidents. The latter case was **related** to the earlier two by the Court in April 2025, with all three cases now before Judge Lin (as reflected by the RFL designation).

**Prior Dismissal Rulings and Overlapping Issues:** In Case No. 24-cv-02371 (the OPM case), Judge Lin granted OPM's motion to dismiss in part on April 10, 2025, **allowing one claim to survive** (Plaintiff's claim for unlawful denial of Federal Employee Health Benefits) and dismissing Plaintiff's other claims (under the Rehabilitation Act, Title VII, etc.) without leave to amend, except that the Court permitted a limited amendment to add allegations regarding an additional OPM appeal for benefits (the "x0004" appeal). Notably, the Court's order in that case acknowledged Plaintiff's attempt to add Blue Cross Blue Shield as a defendant (given Blue Cross's role as the federal health benefits carrier) and **expressly gave Plaintiff leave to amend** if he wished to add Blue Cross. In Case No. 24-cv-09469 (Regent's case), Judge Vince Chhabria likewise issued an order on April 10, 2025, **granting in part and denying in part** the motion to dismiss. Several claims in that case were dismissed **with leave to amend** – for example, Plaintiff's due process and disability discrimination claims were dismissed with leave to clarify the factual basis and properly separate the causes of action – while at least one claim (false imprisonment) was **sustained as adequately pleaded** and thus survives as is. Judge Chhabria's order explicitly referenced the parallel OPM case (citing Judge Lin's prior ruling for guidance on how to plead the discrimination claims), underscoring the interrelated nature of the two actions. Both judges set deadlines in early May 2025 for Plaintiff to file amended complaints in those cases (21 days from the April 10 orders).

As a result of these proceedings, all three cases now involve a **common core of facts** and

overlapping parties. In particular, each case relates in some way to Plaintiff's need for and denial of medical care in 2023–2024: the hospital case involves the circumstances of Plaintiff's **medical treatment and transportation** (and the conduct of hospital staff and contractors), while the OPM case and the Blue Cross case involve the subsequent **disputes over payment for that treatment** through insurance and federal employee benefits. For example, Plaintiff's allegations in the OPM case include that OPM (and Blue Cross, as OPM's carrier) improperly denied coverage for certain hospital stays or services, and in the hospital case Plaintiff alleges the hospital failed to properly submit claims for Medicare/Medicaid or benefits coverage, contributing to the non-payment of his care. Thus, the factual issues about what medical care Plaintiff received, how those services were billed or should have been covered, and the extent of Plaintiff's resulting injuries or damages, are **central to all three actions**. Likewise, there are overlapping legal issues: both Case 24-cv-09469 and Case 25-cv-02930 involve questions of **patients' rights and healthcare law** (e.g. whether Plaintiff's discharge and transport violated legal standards, and whether his restraint amounted to false imprisonment or violation of due process), and both the OPM case and Case 25-cv-02930 involve issues under the **Federal Employees Health Benefits Act (FEHBA)** and related regulations (e.g. whether Plaintiff exhausted required administrative appeals, and whether the denial of benefits was unlawful), especially considering Blue Cross's failure to provide Plaintiff with a denial letter that included the associated appeal rights Plaintiff needed to file an appeal with OPM. All three cases also implicate Plaintiff's rights as a person with disabilities (the OPM case originally included Rehabilitation Act claims, and the hospital case includes disability discrimination claims under federal and state law), raising common questions about how Plaintiff was treated by each defendant in light of his disabilities. In short, the three lawsuits **arise out of the same series of transactions and events** and share multiple common questions of law and fact.

Given this significant overlap, the Court found it appropriate to relate the cases under Local Rule 3-12. Plaintiff now moves to **join the cases into one**, in order to proceed more efficiently. Rather than filing separate amended complaints in Case 24-cv-02371 and Case 24-cv-09469 (and litigating three parallel lawsuits), Plaintiff submits that all claims and parties can be addressed in a single joined action. As discussed below, joining the cases will conserve judicial and party resources, avoid the risk of inconsistent rulings, and will not prejudice the Defendants.

### III. ARGUMENT

**A. Joinder of These Cases is Warranted Due to Common Questions of Law and Fact.** Under the Federal Rules, when actions involve common questions of law or fact, the Court has broad discretion to order joint proceedings or consolidate the actions. *See* Fed. R. Civ. P. 42(a) (court may consolidate actions or join them for hearing or trial if they involve "a common question of law or fact"). Here, the overlap between the three cases is manifest and has already been recognized by the Court. All three suits stem from Plaintiff's **medical emergency and subsequent care** in the Bay Area, and the fallout from those events. They involve substantially the same **series of transactions or occurrences** – namely, Plaintiff's transport by ambulance, his hospitalization(s) and discharge planning, and the handling of his medical bills and insurance claims – and they involve many of the **same parties or their privies**. For example, the University of California (UCSF Medical Center) is a defendant in both Case 24-cv-09469 and 25-cv-02930; OPM is a defendant in Case 24-cv-02371 and 25-cv-02930; and Blue Cross Blue Shield, while only named in Case 25-cv-02930 so far, was the **insurance carrier involved in the OPM case's factual allegations**. The legal issues in each case also overlap substantially: questions about whether Plaintiff received proper **due process** in the handling of his medical care and benefits, whether he was subjected to

unlawful **discrimination** on the basis of disability, and whether he is entitled to relief for the **non-payment of medical services**, are at the heart of all three actions. Indeed, as noted, Judge Chhabria's dismissal order in the hospital case explicitly cited Judge Lin's order in the OPM case for guidance on one of these very issues. This is a clear indication that the cases share common legal questions.

Because the cases involve common parties, events, and questions of law and fact, they satisfy the standard for permissive joinder and consolidation. *See* Fed. R. Civ. P. 20(a)(2) (permissive joinder of defendants is appropriate where "any right to relief is asserted against them **jointly, severally, or in the alternative** with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **any question of law or fact common to all defendants** will arise in the action"); *id.* 42(a). Here, Plaintiff's right to relief from each Defendant arises out of the same series of occurrences (his medical treatment and benefit claims), and there are numerous common questions of fact and law in all three cases, as described above. Accordingly, joining the cases into one proceeding is entirely appropriate. Furthermore, the Court's own **related case determination** under Local Rule 3-12 already reflects a finding that separate handling of these cases by different judges would result in "unduly burdensome duplication of labor and expense or conflicting results" absent relation. Joining the cases before the same judge is the logical next step now that they are related: it will allow **one unified adjudication** of all claims.

**B. Joinder Will Promote Judicial Economy and Consistency, Without Prejudice to Defendants.** Consolidating these related actions will yield significant efficiency gains for the Court and the parties. If the cases remain separate, there will be substantial duplication in **discovery** (witnesses such as Plaintiff, his medical providers, and insurance representatives would likely be deposed in each case; the same medical records and documents would be

produced multiple times; expert witnesses might overlap, etc.), as well as duplication in **motion practice** (for instance, dispositive motions in each case might raise overlapping issues regarding Plaintiff's health benefits or the impact of his disabilities). Separate proceedings also create a risk of **inconsistent rulings** or jury findings. For example, one jury (or judge) could find that Plaintiff was entitled to certain health benefits, while another court finds otherwise, or conflicting determinations could be made about Plaintiff's credibility or extent of injury in each case. A single consolidated action avoids this predicament by ensuring that one factfinder hears all claims together and issues a consistent outcome.

Moreover, joining the cases will not **prejudice any Defendant**. All three cases are still in relatively **early stages** – no trial dates have been set, and in Case 24-cv-09469, the Court has only just opened discovery on the surviving claims as of the April 10 order. The amendments that Plaintiff has been permitted to make have been filed (Plaintiff, in error, filed for an Administrative ruling on this issue and attached the proposed amended complaint). Because the cases are pre-trial and little to no discovery has occurred so far, **no party will be unduly inconvenienced** by joinder. To the contrary, Defendants are likely to benefit from consolidation in the form of a streamlined discovery process and the ability to coordinate their defense. Any potential minor prejudice (such as the need for Defendants to confer and coordinate their litigation strategy with additional parties once joined) is greatly outweighed by the advantages of having all related issues resolved in one proceeding.

Importantly, joining the cases is **consistent with the Court's prior orders and the posture of the cases**. The Court has already indicated that Plaintiff may pursue his remaining claims and even add new related allegations (for example, adding the **Blue Cross Blue Shield** allegations to the OPM case) through proper procedure. Rather than burdening the Court with serial amendments and possibly a fourth related case, Plaintiff chose to file Case

25-cv-02930 and now seeks to **join all parties and claims at once**. This approach serves the interests of justice by ensuring all stakeholders – the federal agency (OPM), the insurance carrier (Blue Cross), the medical providers (UCSF, Sutter, Alameda Health), and the individuals involved – are before the Court in one lawsuit to comprehensively adjudicate Plaintiff's rights. Consolidation will facilitate **a single scheduling order, a single discovery plan, and ultimately one trial** covering all issues, thereby conserving judicial resources. Because Judge Lin is now overseeing all three matters, the transition to a consolidated case should be efficient.

For these reasons, **no prejudice** will result from joinder, and substantial efficiencies and consistency will be gained. Courts in this District regularly order consolidation of related actions in circumstances like these to promote judicial economy. *See, e.g., Inv'rs Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989) (noting the trial court's "broad discretion" to consolidate cases pending in the same district); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (consolidation avoids "duplicitous litigation … and inconsistent results"). Here, given the clear overlap among the cases, consolidation will similarly serve the interests of justice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff John Doe respectfully requests that the Court **GRANT** this motion. Specifically, Plaintiff asks that Case Nos. 24-cv-09469-RFL and 25-cv-02930-RFL be joined and consolidated with Case No. 24-cv-02371-RFL (the earliest-filed case) for all purposes. Plaintiff further requests leave to file the attached single **Consolidated Amended Complaint** that combines the claims and parties from all three actions (consistent with the amendments already permitted by the Court's prior orders). Defendants would of course have

the opportunity to respond to the consolidated complaint, and all existing scheduling deadlines can be adjusted as necessary. Plaintiff submits that consolidation will streamline this litigation and advance its resolution in an efficient and just manner. Plaintiff also requests such further relief as the Court deems just and proper.

Dated: May 5, 2025

Respectfully submitted,

/s/ Rhonda Lunsford

**Rhonda Lunsford**
Attorney for Plaintiff John Doe