UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGENTS OF THE UNIVERSITY OF CAIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-09469-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH**<br><br>Re: Dkt. Nos. 63, 65 |

The motions to quash (Dkt Nos. 63, 65) are granted in part and denied in part:

1. In current form, the subpoenas issued to the seven (7) medical facilities for medical records, billing records, and film records are overbroad in scope and time.  Defendant shall limit the subpoenas to those medical conditions that plaintiff was admitted to University of California, San Francisco ("UCSF") Medical Center to treat, along with all documentation pertaining to discharge and case worker notes and summaries as they related to Plaintiff John Doe.  Defendant shall also limit the time of the subpoenas to two (2) years prior to the initiation of this lawsuit through the present.  Defendant shall also withdraw their subpoenas for imaging records from the seven medical facilities.

2. The parties are **ORDERED** to promptly meet and confer regarding the form and content of a stipulated proposed protective order by **August 7, 2025**.  The proposed order shall include both (a) an "Attorneys Eyes Only" designation limiting the documents to review by counsel and (b) a "Confidential" designation that would permit disclosure to Regents and its agents but still restrict the public filing of the

documents and require their confidentiality to remain.  The parties shall provide a redline that shows any changes from the Northern District of California's model protective order.  In the event counsel are unable to agree as to the form of such order, they shall jointly submit a discovery letter, specifying and describing the points of disagreement.

3. Following the entry of the protective order, Defendant's counsel shall treat all documents produced under the subpoenas as "Attorneys Eyes Only" for a period of not less than 60 days, during which time the parties shall meet and confer in good faith to determine the appropriate level of continued protection under the protective order for each of the documents produced.  If the parties agree that the documents are within the scope of information described above, the documents will be de-designated as "Attorneys Eyes Only" but may be maintained as "Confidential."  Otherwise, if the parties cannot agree, they may file a discovery letter presenting their dispute to the Court.  While that dispute is being adjudicated, the documents at issue in the dispute will remain designated as "Attorneys Eyes Only," so long as the discovery letter is filed within the 60-day period.

**IT IS SO ORDERED.**

Dated: July 31, 2025

RITA F. LIN
United States District Judge